UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS DE JESUS FERNANDEZ
ALAMO,

       Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
FACILITY SOUTH,  ATTORNEY
GENERAL OF THE UNITED
STATES,

       Respondents.

_____/

Case No. 2:26-cv-1687-KCD-KRH

## **ORDER**

Petitioner Luis De Jesus Fernandez Alamo is a Cuban citizen with a final order of removal. After illegally entering the United States and living free on supervision, he was placed in immigration custody on October 29, 2025. ICE twice tried to remove him to Mexico, but he failed to comply. (Doc. 8-1 at 35-37.) Then, an immigration judge entered a removal order that became final on May 15, 2026. Alamo now seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the Fifth Amendment and asks this Court to order his immediate release. (Doc. 1.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

Invoking the Fifth Amendment, Alamo claims that he has been detained beyond the bounds of what substantive due process allows. (Doc. 1

at 7.) The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

Alamo's removal order was final on May 15, 2026. Because the initial 90-day period has not yet passed, his habeas petition is premature. But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there

2

is no significant likelihood of removal in the reasonably foreseeable future."
*Id.*

Accordingly, the habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to Alamo refiling a new petition should his current detention exceed six months and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on June 12, 2026.

Kyle C. Dudek
United States District Judge

3